UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SWEEPSTAKES PATENT COMPANY,
LLC and INGENIO, FILIALE DE LOTO-
QUEBEC INC.,**

        **Plaintiffs,**

v.                                                                               Case No:   6:14-cv-151-Orl-22KRS

**CHASE BURNS, INTERNATIONAL
INTERNET TECHNOLOGIES, LLC.,
ALLIED VETERANS OF THE WORLD,
INC. AND AFFILIATES, ALLIED
VETERANS MANAGEMENT GROUP,
INC., JOHNNY DUNCAN, JERRY BASS,
JOHN M. HESSONG and MICHAEL
DAVIS,**

        **Defendants.**

## AMENDED REPORT AND RECOMMENDATION
(And Direction to the Clerk of Court)

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' RENEWED MOTION FOR ATTORNEYS' FEES (Doc. No. 117)** |
| **FILED:** | **June 16, 2015** |

**I.  PROCEDURAL HISTORY.**

On January 29, 2014, Plaintiff Sweepstakes Patent Company, LLC ("SPC") filed a complaint against Chase Burns, International Internet Technologies, LLC, Allied Veterans of the World, Inc. & Affiliates, Allied Veterans Management Group, Inc., Johnny Duncan, Jerry Bass,

John M. Hessong, Michael Davis (collectively, "Defendants"), and thirteen other parties. Doc. No. 1. The complaint also named Ingenio, Filiale de Loto-Quebec Inc. ("Ingenio") as a Nominal Plaintiff. *Id.* SPC raised claims for literal, equivalent, induced, and contributory infringement of U.S. Patent No. 5,569,082 and U.S. Patent No. 5,709,603. *Id.*

Defendants filed a motion to dismiss the complaint on April 2, 2014, arguing that SPC lacked standing to pursue the action because it failed to obtain consent from Ingenio, as required under SPC's licensing agreement, prior to initiating this lawsuit. Doc. No. 56. On April 8, 2014, Ingenio also filed a motion for Rule 11 sanctions against SPC's counsel, based on the filing of the complaint without its prior consent. Doc. No. 58.

On April 29, 2014, SPC filed a crossclaim against Ingenio, alleging that, at a meeting with Ingenio's representatives in Montreal on February 11, 2013, Ingenio advised SPC it (1) would not institute proceedings set forth in a draft complaint, which were substantially similar in substance to the complaint filed in this case; and (2) consented to SPC's filing of the proceedings set forth in the draft complaint. Doc. No. 69 ¶¶ 34, 36–37. SPC sought a declaratory judgment as to SPC's rights (1) "to prosecute the principal defendants for infringement of the Patents," *id.* ¶ 64; and (2) "to prosecute owners, operators and providers of technology and software for the operation of Internet Sweepstakes Cafes for infringement of the Patents other than the principal defendants," *id.* ¶ 74. Ingenio subsequently filed a motion to dismiss the crossclaim. Doc. No. 86. The Court held a hearing on the pending motions on July 22, 2014. Doc. No. 104.

On July 30, 2014, the Court granted both motions to dismiss based on SPC's lack of standing and dismissed SPC's claims without prejudice. Doc. No. 105. The Court determined that, under the license agreement, "SPC needs Ingenio's prior written consent to institute any claim or legal proceedings relating to the Patents." *Id.* at 8. Because Ingenio had not provided such written

consent, the Court determined that SPC could not bring the underlying claims. *Id.* The Court, however, denied Ingenio's motion for Rule 11 sanctions, noting that the arguments raised by SPC's counsel were "colorable" and not "objectively frivolous." *Id.* at 8 n.4.

SPC appealed the grant of Defendants' and Ingenio's motions to dismiss to the U.S. Court of Appeals for the Eleventh Circuit. Doc. No. 106. During the pendency of the appeal, Defendants filed a motion for attorneys' fees, Doc. No. 109, which I denied without prejudice, Doc. No. 110. The appeal was then transferred to the United States Court of Appeals for the Federal Circuit, Doc. No. 111, which affirmed the District Court's determination, Doc. No. 115.

On June 16, 2015, Defendants filed a renewed motion for attorneys' fees. Doc. No. 117. SPC filed a response brief, Doc. No. 120, and Defendants subsequently filed a reply, Doc. No. 122. On August 4, 2015, I issued a report and recommendation, recommending that the motion be denied because Defendants had not established that the Court's dismissal of the case without prejudice conferred prevailing-party status. Doc. No. 123. Defendants objected to that recommendation, arguing for the first time that they were prevailing parties because the dismissal order precluded SPC's recovery of a portion of its damages request by operation of the statute of limitations, 35 U.S.C. § 286. Doc. No. 124. The objection also cited subsequent litigation history between the parties. *See* Doc. No. 126, at 1 (citing Doc. No. 124, at 3). The presiding District Judge thereafter recommitted the motion to me for consideration of these additional arguments.

On September 18, 2015, I issued a supplemental briefing order, requiring the parties to address matters raised in Defendants' objection. Doc. No. 127. Both parties submitted their supplemental filings, and the matter is now ripe for review. Therefore, the **Clerk of Court** is **DIRECTED** to **TERMINATE** the previous report and recommendation (Doc. No. 123), which is superseded by this Amended Report and Recommendation.

## II.    DISCUSSION.

Attorneys' fees are not automatically recoverable in a patent case. Instead, under 35 U.S.C. § 285, a court may award reasonable attorneys' fees to a "prevailing party" only in "exceptional cases." When faced with a motion for attorneys' fees, therefore, a court's inquiry is twofold. First, the court must find that the party seeking fees is a prevailing party. *Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473, 1480 (Fed. Cir. 1998); *see also DH Tech., Inc. v. Synergystex Int'l, Inc.*, 154 F.3d 1333, 1344 (Fed. Cir. 1998) (vacating an exceptional-case determination, in part, because "the prevailing party ha[d] not yet been determined"). The determination of whether a party is a "prevailing party" is governed by Federal Circuit law. *SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1086 (Fed. Cir. 2014). If the prevailing-party criterion is met, the court must then evaluate whether the case is "exceptional" within the meaning of § 285. In assessing the merits of Defendants' motion, I will address the prevailing-party and exceptional-case determinations in turn.

### A.    *Defendants Are Prevailing Parties.*

In *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 600 (2001), the United States Supreme Court considered whether the term "prevailing party" includes "a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." In that case, the petitioners filed a complaint for declaratory relief under the Fair Housing Amendments Act of 1988 ("FHAA") and the Americans with Disabilities Act ("ADA"), seeking a ruling that certain provisions of West Virginia law violated these federal statutes. *Id.* at 600-01. After the complaint was filed, the West Virginia legislature enacted two bills eliminating the challenged West Virginia law. *Id.* at 601. Thereafter, the respondents moved to dismiss the case as moot, and the motion was granted. The petitioners

then sought an award of attorney's fees under the FHAA and the ADA, arguing that they were prevailing parties because the lawsuit brought about a voluntary change in the respondents' conduct (the "catalyst theory"). *Id.* The district court, following the law of the U.S. Court of Appeals for the Fourth Circuit, denied the motion, finding that the petitioners were not prevailing parties because they did not obtain an enforceable judgment, consent decree, or settlement giving them some portion of the legal relief sought. *Id.* at 602.

After granting certiorari, the Supreme Court rejected use of the catalyst theory in a prevailing-party analysis. *Id.* at 605. It reasoned that a party's voluntary change in conduct lacked "the necessary judicial imprimatur" to establish prevailing-party status. *Id.* While the Supreme Court held that the catalyst theory was not a permissible basis for an award of attorney's fees under the FHAA and ADA, *id.* at 609, the *Buckhannon* rejection of the catalyst theory has since been applied to many prevailing party fee statutes. *See, e.g., Loggerhead Turtle v. Cty. Council of Volusia Cty.*, 307 F.3d 1318, 1324-25 & n.8 (11th Cir. 2002) (distinguishing prevailing-party fee statutes from fee statutes authorizing a court to award fees whenever appropriate). The Federal Circuit has applied *Buckhannon* to the prevailing-party fee provision of the Patent Act, 35 U.S.C. § 285. *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1033–37 (Fed. Cir. 2006).

Ordinarily, a dismissal without prejudice is insufficient to constitute a change in the legal relationship of the parties so as to satisfy the *Buckhannon* test because "the plaintiff is free to refile its action." *RFR Indus., Inc. v. Century Steps, Inc.*, 477 F.3d 1348, 1353 (Fed. Cir. 2007); *accord NCC Bus. Servs., Inc. v. Lemberg & Assocs., LLC*, No. 3:13-cv-795-J-39MCR, 2015 U.S. Dist. LEXIS 125323, at *11–12 (M.D. Fla. Sept. 17, 2015). A party's ability to refile its action following such a dismissal, however, is not absolute. Indeed, the Federal Circuit has observed that, when critical filing periods have run during the pendency of a case, "there is a significant risk that the

...

court's dismissal without prejudice could have the effect of a dismissal with prejudice." *Watson v. West*, No. 98-7034, 1998 U.S. App. LEXIS 27648, at *3 (Fed. Cir. Oct. 16, 1998); *accord Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) (holding that a "dismissal, while made without prejudice, ha[d] the effect of precluding appellant from refiling his claim due to the running of the statute of limitations" and, therefore, was "tantamount to a dismissal with prejudice").

Defendants, relying on *Kernel Records Oy v. Mosley*, No. 09-21597-CIV-TORRES, 2013 U.S. Dist. LEXIS 99094 (S.D. Fla. July 16, 2013), argue that they are prevailing parties because the Court's dismissal order,[1] despite being without prejudice, effectively precluded SPC's recovery of a portion of Defendants' claimed damages as time-barred under 35 U.S.C. § 286. In *Mosley*, the court granted summary judgment on the ground that the plaintiff had failed to register a copyright in the United States before bringing its claim. *Id.* at *4. While the court did afford the plaintiff "leave to re-file" once it had registered the copyright, the court "made clear [that] pre-registration claims were finally adjudicated and that 'determination [wa]s final and close[d] the case.'" *Id.* at *4–5.

The *Mosley* court observed that, because its summary judgment order did not say otherwise, it was an adjudication on the merits within the meaning of Federal Rule of Civil Procedure 41(b). *Id.* at *8–9. Due to the plaintiff's failure to register the copyright and the operation of the applicable statute of limitations, the "[d]efendants ha[d] successfully and finally avoided 'approximately two years' worth of damages.'" *Id.* at *9. The court then expressly distinguished those cases that held

---

[1] SPC argues that "Defendants want this Court to declare them prevailing parties because this Court entered a without prejudice dismissal at Ingenio's request" and that Defendants should not be prevailing parties "based upon the efforts of others." Doc. No. 130, at 15. This argument misrepresents the procedural posture of this case. Defendants and Ingenio filed separate motions to dismiss for lack of standing, and the Court granted *both* of those motions in its dismissal order. Doc. No. 105, at 8.

there was no change in the legal relationship of the parties when a plaintiff was free to refile its action, noting:

> These cases do not deal with a significant difference here: that the statute of limitations bars all claims outside three years from filing. Prior to the grant of summary judgment, Defendants were at risk as to all claims regarding [the copyrighted material]. Now, Defendants have successfully avoided liability to *all* ownership claims and *most* infringement claims. This change in the relationship between parties, which precludes most litigation in a new action, is hardly "more like a draw than a victory." Although the victory for the Defendants is not total, no precedent requires total victory before a party is considered prevailing.

*Id.* at *18–19 (quoting *Harris v. Lexjet Corp.*, No. 3:09-CV-616, 2010 U.S. Dist. LEXIS 1687, at *4 (E.D. Va. Jan. 11, 2010)). Accordingly, despite the plaintiff being afforded leave to refile, the "dismissal [was] 'tantamount to a dismissal with prejudice' as to the barred claims." *Id.* at *9 (quoting *Perry v. Zinn Petroleum Cos.*, 495 F. App'x 981, 984 (11th Cir. 2012) (per curiam)).

After review of the supplemental materials submitted by the parties, I conclude that the circumstances here are closely analogous to those in *Mosley*. SPC filed its complaint on January 29, 2014, asserting claims for patent infringement. Doc. No. 1. Based on that filing date, SPC was able to claim damages as far back as January 29, 2008 under § 286. The Court dismissed the complaint without prejudice for lack of standing on July 30, 2014. Doc. No. 105. Such a dismissal effectively — and finally — precluded SPC's recovery for all damages between January 29, 2008, and July 29, 2008.[2]

Indeed, at the hearing on the motion to dismiss, counsel for SPC stated the following:

[D]ismissing this case would work a hardship on [SPC] who has been waiting years to bring this case and the statute of limitations will again begin to run. The defendant[s] began infringing based upon the limited investigation we have been able to conduct in November of 2007. So infringement being a six year statute of

---

[2] SPC argues that the dismissal order precluded recovery through October 14, 2008, given that SPC did not file its new action in the Southern District of Florida until October 14, 2014. Doc. No. 131, at 18. The order itself, however, only definitively precluded damages occurring more than six years prior to its entry.

> limitations for patent infringement, we can only reach back from the day this case was filed six years. If you dismiss this case, what happens is the limitation period runs again and my client lo[]ses the benefit of the filing date in this case. And assuming as I believe will occur, the litigation in Quebec determines that we do have standing to sue, then we've lost a significant amount of damages that we would have been entitled to from the time that the defendants began infringing through whatever the six year anniversary is from the time that a second suit is filed.

Doc. No. 112, at 11–12. In its brief to the Federal Circuit, SPC similarly argued that resolution of its appeal was necessary because "SPC loses 10 months of damages unless application of the correct law (or jurisdictional discovery against Ingenio, or both) resolves the issue of Ingenio's consent in a manner favorable to SPC."[3] Brief of Plaintiff–Appellant Sweepstakes Patent Co., *Sweepstakes Patent Co. v. Burns*, No. 14-1851, Doc. No. 25, at 12 (Fed. Cir. Nov. 20, 2015).

SPC's counsel attempts to explain away these statements by arguing, effectively, that it does not know when Defendants began infringing. Doc. No. 130, at 13. In light of SPC's prior statements, this argument is not persuasive. The above-referenced statements were unambiguous and affirmative, not merely speculative as SPC now attempts to portray them. Moreover, SPC's argument wholly fails to account for the declaration filed by its own counsel on April 29, 2014, which stated that "the delays cause by Ingenio have resulted in the passage of more than six years since the defendants began infringing." Doc. No. 71 ¶ 71. During the pendency of this case, SPC has represented on multiple occasions that dismissal of the action would implicate the six-year limitations period, and it should now be held to those representations.

SPC also argues that "prevailing party status requires a dismissal on the merits, and that [the Court's] dismissal . . . is not a dismissal on the merits." Doc. No. 130, at 4. However, in *Rice Services, Ltd. v. United States*, the Federal Circuit held that prevailing-party status may be

---

[3] In a letter sent one month prior to the filing of that brief, SPC stated in similarly unequivocal language that it was "not prepared to simply dismiss the appeal and give up its claims to nine months of damages." Doc. No. 131-6, at 2.

established through "an enforceable judgment on the merits or a court-ordered consent decree that materially altered the relationship between the parties, *or the equivalent of either of those*." 405 F.3d 1017, 1025 (Fed. Cir. 2005) (emphasis added). The *Rice* court noted that, for court action to be "equivalent," it must "carr[y] sufficient imprimatur to materially change the legal relationship of the parties." *Id.* at 1026. In light of SPC's own prior acknowledgements, the Court's dismissal order, while without prejudice, changed the legal relationship of the parties by foreclosing the possibility of SPC's recovery for at least six months of its original damages period. Although Defendants did not achieve total victory, total victory is not required for a party to be deemed "prevailing." *See Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–93 (1989).

SPC's argument that this motion is premature because no validity or infringement determination has been made in the case that it eventually refiled in the Southern District of Florida is similarly unavailing. The question presently before the Court is only whether Defendants are prevailing parties in *this* case, not one that SPC subsequently filed.

In light of the foregoing, I recommend that the Court find that Defendants are prevailing parties.

### B. This Case Is Not Exceptional.

Section 285 "imposes one and only one constraint on district courts' discretion to award attorney's fees in patent litigation: The power is reserved for 'exceptional' cases." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1755–56 (2014). Consequently, if the Court agrees that Defendants qualify as prevailing parties, it must next assess whether this case qualifies as "exceptional." Although the Patent Act does not define "exceptional," the Supreme Court in

*Octane Fitness*[4] construed the term as having its usual meaning of "uncommon," "rare," or "not ordinary." *Id.* at 1756. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.*

In exercising its discretion, a district court may look to a nonexclusive list of factors, such as frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence. *NXP B.V. v. Blackberry, Ltd.*, 58 F. Supp. 3d 1313, 1318 (M.D. Fla. 2014). The determination of exceptionality is made on a case-by-case basis, after considering the totality of the circumstances. *Octane Fitness*, 134 S. Ct. at 1756. A movant must prove that a case is exceptional by a preponderance of the evidence. *Id.* at 1758.

Defendants argue that this case is exceptional for two reasons. First, SPC filed this lawsuit despite not having standing under its licensing agreement with Ingenio. Doc. No. 131, at 18. They posit that SPC should have known that, without the required written consent of Ingenio, they were precluded from filing this lawsuit under governing case law. *Id.* Second, Defendants contend that SPC took a "wholly contradictory position" in a separate lawsuit in the Southern District of Florida. Doc. No. 117, at 8–9. Defendants reason, therefore, that this matter stands out from others with respect to both the substantive strength of SPC's litigating position and the unreasonable manner in which SPC litigated the case.

---

[4] SPC urges that the standard set forth in *Brooks Furniture Manufacturing, Inc. v. Dutailier, Inc.*, 393 F.3d 1378 (Fed. Cir. 2005), which was rejected by the Supreme Court in *Octane Fitness*, applies to this case. Doc. No. 118, at 6–7, 8–9. SPC is incorrect. *See Adjustacam, LLC v. Newegg, Inc.*, No. 2013-1665, 2015 U.S. App. LEXIS 16547, at *7–8 (Fed. Cir. Sept. 17, 2015) (vacating a district court's decision that was issued prior to *Octane Fitness* and remanding the case for reconsideration in light of the Supreme Court's decision); *Honeywell Int'l, Inc. v. Nokia Corp.*, 615 F. App'x 688, 688 (Fed. Cir. 2015) (same); *Gen. Protecht Grp, Inc. v. Leviton Mfg. Co.*, No. CIV 10-1020 JB/LFG, 2015 U.S. Dist. LEXIS 109981, at *47 (D.N.M. Aug. 3, 2015) (stating that *Octane Fitness* applies retroactively).

For the reasons set forth below, and considering the totality of the circumstances, I recommend that the Court find that this case is not exceptional within the meaning of § 285 of the Patent Act.

> 1. This Case Does Not Stand Out from Others with Respect to the Substantive Strength of SPC's Litigating Position.

Defendants first argue that SPC's litigating position was so subsequently weak as to make this case exceptional. In *SFA Systems, LLC v. Newegg Inc.*, the Federal Circuit described the substantive-strength evaluation under § 285 as follows:

> In *Octane Fitness*, the Supreme Court made clear that it is the "substantive *strength* of the party's litigating position" that is relevant to an exceptional case determination, not the *correctness* or eventual success of that position. A party's position on issues of law ultimately need not be correct for them to not "stand[] out," or be found reasonable.

793 F.3d 1344, 1348 (Fed. Cir. 2015) (alteration in original) (citation omitted) (quoting *Octane Fitness*, 134 S. Ct. at 1756). Indeed, "[a]ttorney fees are not to be routinely assessed against a losing party in litigation in order to avoid penalizing a party 'for merely defending or prosecuting a lawsuit,' and are awarded to avoid a gross injustice." *Revlon, Inc. v. Carson Prods. Co.*, 803 F.2d 676, 679 (Fed. Cir. 1986) (citation omitted) (quoting *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718 (1967)).

To be sure, SPC's arguments concerning its standing to sue as a licensee were ultimately not accepted by the Court. However, the mere fact that SPC did not have standing to sue does not, on its own, make this case exceptional. *See, e.g.*, *Clouding IP, LLC v. EMC Corp.*, No. 13-1455-LPS, 2015 U.S. Dist. LEXIS 131999, at *6 (D. Del. Sept. 30, 2015) (declining to find a case exceptional after it was dismissed for lack of standing because the plaintiff "had a good faith, although ultimately incorrect belief, that it had standing to sue"); *Labyrinth Optical Techs. LLC v. Alcatel-Lucent USA, Inc.*, No. SACV 12-00759 AG (DFMx), 2015 U.S. Dist. LEXIS 57874, at *18 (C.D. Cal. Mar. 23,

2015) (indicating that the court was "inclined to deny" a fee motion after a case was dismissed for lack of standing).

This Court has already concluded that the arguments presented by SPC's counsel concerning SPC's standing under the Licensing Agreement were "colorable" and did "not . . . rise to the level of being objectively frivolous." Doc. No. 105, at 8 n.4; *see also Octane Fitness*, 134 S. Ct. at 1756 & n.6 (identifying "frivolousness" and "objective unreasonableness" as factors pertinent to exceptionality). Those prior conclusions counsel against finding that SPC's litigating position was so weak as to stand out from others and make this case exceptional.[5] *United States Soo Bahk Do Moo Duk Kwan Fed'n, Inc.*, No. 3:12-CV-00669, 2015 U.S. Dist. LEXIS 107955, at *95 (M.D. Pa. Aug. 17, 2015) (finding that a case was not exceptional because, "[e]ven though the Court ultimately concluded that Plaintiff's positions were entirely sound and Defendants' positions were entirely unsound, there was at least a colorable basis in law for each of Defendants' counterclaims"); *Fla. Van Rentals, Inc. v. Auto Mobility Sales, Inc.*, No. 8:13-cv-1732-T-36EAJ, 2015 U.S. Dist. LEXIS 108130, at *6–7 (M.D. Fla. Aug. 17, 2015) (determining, under the *Octane Fitness* standard, that a case was not exceptional because it was "at least colorable").

    2. <u>This Case Does Not Stand Out with Respect to the Manner in Which SPC Litigated It.</u>

As part of its exceptional-case determination, the Court must also consider whether the case was litigated in an unreasonable manner. *SFA Sys.*, 793 F.3d at 1349. "[A] district court may award fees in the rare case in which a party's unreasonable conduct — while not necessarily

---

[5] Defendants do not specifically address these conclusions in their briefs. Instead, they argue that "§ 285 does not require that a parties' claims meet a Rule 11 standard." Doc. No. 122, at 4. Defendants are correct that "sanctionable conduct is not the appropriate benchmark" for an exceptional-case determination. *Octane Fitness*, 134 S. Ct. at 1756. Defendants are incorrect, however, in suggesting that, because the above-quoted language was contained in a discussion of a Rule 11 motion, it is without independent import.

independently sanctionable — is nonetheless so 'exceptional' as to justify an award of fees." *Octane Fitness*, 134 S. Ct. at 1757.

Defendants' assertion that SPC litigated this case unreasonably because it did not have standing under its licensing agreement with Ingenio is unpersuasive for the reasons discussed previously. Defendants also argue that this case was litigated unreasonably because SPC adopted a "wholly contradictory" position in *Kaye v. Ingenio, Filiale de Loto-Quebec, Inc.*, No. 0:13-cv-61687-BB (S.D. Fla. Aug 5, 2013),[6] a separate lawsuit against Ingenio in the Southern District of Florida. Doc. No. 117, at 8–9. In that case, SPC raised claims based on Ingenio's alleged refusal to permit SPC to exercise its rights to prosecute infringements of the patents. *Kaye*, Doc. No. 67 ¶ 87 (S.D. Fla. June 9, 2014). Specifically, Defendants contend that such claims are inconsistent with the instant action, reasoning as follows:

> A key point of contention in the [Southern District case] was SPC's assertion that Ingenio — and indeed, fraudulently — withheld its consent to SPC's numerous and repeated requests to allow SPC to sue alleged infringers, including Defendants. Throughout the [Southern District case], SPC maintained its position that Ingenio had refused to grant the necessary consent to allow SPC to bring the action against Defendants.
> 
> Although SPC's assertion that Ingenio had wrongfully refused to consent to SPC's prosecution of this and other infringement claims, SPC filed this infringement action without such consent . . . .

Doc. No. 117, at 2–3 (footnote omitted) (citation omitted).

To the extent they suggest that SPC continuously asserted in the Southern District that Ingenio never provided any consent to initiate the instant action, Defendants misrepresent the record in the Southern District litigation. Indeed, SPC's counsel filed a declaration in that case, stating that, on February 11, 2013, he met with representatives for Ingenio in Montreal. *Kaye*, Doc. No. 57

---

[6] SPC was a named plaintiff in the *Kaye* case. Perry Kaye was the president and principal shareholder of Gizmo Enterprises, Inc., which in turn was the sole member of SPC. *Kaye*, Doc. No. 67 ¶¶ 6–7.

¶¶ 24, 66 (S.D. Fla. Apr. 29, 2014).  The declaration stated that Ingenio advised SPC it (1) would not institute proceedings set forth in a draft complaint, which were substantially similar in substance to the complaint filed in this case; and (2) consented to SPC's filing of the proceedings set forth in the draft complaint.  *Id.* ¶¶ 25–26.  The declaration further states that, thereafter, Ingenio attempted to withdraw its consent, although SPC believed that the license agreement did not permit such a withdrawal.  *Id.* ¶¶ 56–57. 69.  Accordingly, SPC affirmatively stated in the Southern District that SPC had provided consent to sue in this case, albeit consent that Ingenio subsequently (and allegedly impermissibly) attempted to withdraw.[7]

Critically, this declaration was filed *before* SPC filed its second amended complaint in the Southern District, and the statements in the declaration inform and provide further context for the allegations of that pleading.  Its allegations are substantively similar to the contentions outlined in a declaration filed in this Court.  Doc. No. 71 ¶¶ 24–26, 69.  Those allegations also closely align with the allegations asserted in SPC's crossclaim against Ingenio in this Court.  Doc. No. 69 ¶¶ 36–37, 56–57.

Moreover, the Southern District has already rejected a similar contention by Ingenio that the two lawsuits were irreconcilable.  In his report and recommendation on Ingenio's request for Rule 11 sanctions in that case, which was adopted by the presiding district judge, the magistrate judge stated as follows:

> At first blush, it appears that Kaye's position [in the Southern District] and the one taken in the Middle District are at odds.  However, Kaye contends that Ingenio consented to the filing of the Middle District action, but then subsequently withdrew this consent.  In fact, in the Middle District, Kaye has filed a cross-claim seeking a declaratory judgment and requesting the court set forth the parties' rights and

---

[7] The declaration also states that, during arbitration, SPC identified infringers other than the defendants in this case, but that SPC refused to decide whether it would commence litigation against those newly identified infringers.  *Kaye*, Doc. No. 57 ¶¶ 36–41 (S.D. Fla. Apr. 29, 2014).  SPC made the same representations to this Court.  Doc. No. 69 ¶¶ 47–55.

- 14 -

> obligations under the License Agreement. In the cross-complaint filed in the Middle District, Kaye states that Ingenio attempted to withdraw its consent. The [Southern District] action is founded upon the principle that Ingenio has not consented to commencing litigation against suspected infringers. While the arguments are not identical, Kaye's contention that Ingenio gave, and withdrew consent is not incompatible with the idea that Ingenio is withholding consent.

*Kaye*, Doc. No. 94, at 8 (S.D. Fla. July 29, 2014), *adopted by* Doc. No. 102 (S.D. Fla. Aug. 28, 2015). I find this reasoning persuasive. SPC's contention in this Court that Ingenio gave consent that it attempted (but was not permitted) to withdraw, is harmonizable with its contention in the Southern District that Ingenio refused to permit SPC to exercise its rights under their license agreement. SPC could have drafted its pleadings in the Southern District more artfully, but that fact does not reflect that SPC litigated this case in an unreasonable manner.

In sum, after considering the totality of the circumstances, I recommend that the Court find that this case is not exceptional within the meaning of § 285 of the Patent Act.

**III.   RECOMMENDATION.**

In light of the foregoing, I respectfully **RECOMMEND** that the Court find that, under the totality of the circumstances, this case is not exceptional and **DENY** Defendants' Renewed Motion for Attorneys' Fees (Doc. No. 117).

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 24, 2015.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Counsel of Record
Courtroom Deputy Clerk