# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SWEEPSTAKES PATENT COMPANY, LLC, and INGENIO, FILIALE DE LOTO-QUEBEC INC.,

      **Plaintiffs,**

v.                                                  Case No: 6:14-cv-151-Orl-22KRS

CHASE BURNS, INTERNATIONAL INTERNET TECHNOLOGIES, LLC, ALLIED VETERANS OF THE WORLD, INC. AND AFFILIATES, ALLIED VETERANS MANAGEMENT GROUP, INC., JOHNNY DUNCAN, JERRY BASS, JOHN M. HESSONG, and MICHAEL DAVIS,

      **Defendants.**

_____/

## ORDER

This cause comes before the Court on Defendants, Chase Burns, International Internet Technologies, LLC, Allied Veterans of the World, Inc. and Affiliates, Allied Veterans Management Group, Inc., Johnny Duncan, Jerry Bass, John M. Hessong, and Michael Davis's (collectively, "Defendants"), Objection, (Doc. No. 133), to the Magistrate Judge's Amended Report and Recommendation, (Doc. No. 132). The Magistrate Judge recommended that Defendants' Motion for Attorneys' Fees, (Doc. No. 117), be denied. For the reasons stated herein, the Court will overrule Defendants' Objections, and the Court will adopt and confirm the Magistrate Judge's Amended Report and Recommendation.

## I. PROCEDURAL BACKGROUND

The Plaintiff Sweepstakes Patent Company, LLC ("SPC") filed a complaint against Defendants for literal, equivalent, and contributory infringement of U.S. Patent No. 5,569,082 and U.S. Patent No. 5,709,603. (Doc. No. 1). SPC also named Ingenio, Filiale de Loto-Quebec, Inc. ("Ingenio") as a Nominal Plaintiff. (*Id*.) On July 30, 2014, this Court dismissed without prejudice SPC's claims of patent infringement for lack of standing. (Doc. No. 105). The standing issue arose out of a license agreement. The original owner of the patents, Perry Kaye ("Kaye"), sold the patents to Ingenio. (Doc. No. 1 ¶ 33). Then, Ingenio executed a license agreement with a company owned by Kaye ("License Agreement"). (Doc. No. 1 ¶¶ 33, 34). Under the License Agreement, Kaye's company was permitted to use the patents in two fields of use. (*Id*.). Subsequently, Kaye's company assigned its rights under the License Agreement to SPC. (*Id*. ¶ 34). Thereafter, SPC brought this lawsuit against Defendants for patent infringement.

On July 30, 2014, the undersigned Judge granted Defendants' and Ingenio's motions to dismiss. (*Id*. at pp. 8-9). The undersigned Judge determined that SPC lacked standing under the License Agreement because SPC needed Ingenio's prior written consent to institute any claim or legal proceeding. (Doc. No. 105 at pp. 7-8). Since it was undisputed that SPC lacked express, written consent, the undersigned Judge concluded that SPC did not have standing. (*Id*.) Additionally, the undersigned Judge denied Ingenio's motion for Rule 11 sanctions, noting that SPC's claims were "colorable" and not "objectively frivolous." (*Id*. at p. 8 n.4).

After the Federal Circuit affirmed this Court's determination, Defendants filed a renewed motion for attorneys' fees.[1] (Doc. 117). In response, the Magistrate Judge issued a report and

---

[1] Defendants' first motion for attorney's fees was denied because of SPC's appeal. (Doc. No. 110). After the Federal Circuit affirmed this Court's determination, Defendants filed a renewed motion for attorneys' fees, which is presently before the Court.

recommendation recommending denial of Defendants' motion because they had not established their "prevailing party status." (Doc. No. 123). In Defendants' objection, they argued, for the first time, that they were prevailing parties because the effect of dismissal was to preclude SPC's recovery of part of its damages due to the running of the statute of limitations. (Doc. No. 124). In response, the undersigned Judge referred the matter to the Magistrate Judge a second time for further briefing by the parties and reconsideration. (Doc. No. 126). On November 24, 2015, the Magistrate Judge issued an Amended Report and Recommendation ("R&R") that is presently before the undersigned Judge. (Doc. No. 132). First, the Magistrate Judge recommended that Defendants are prevailing parties because dismissal of SPC's claims precluded SPC's recovery for damages between January 29, 2008 and July 29, 2008. (*Id.* at p. 7). Second, the Magistrate Judge recommended that this case is not an exceptional one. (*Id*. at p. 11). The Magistrate Judge reasoned that the fact that SPC was ultimately unsuccessful on its claims does not, by itself, render this case exceptional. (*Id*.) The Magistrate Judge emphasized that the undersigned Judge has already concluded that SPC's arguments were colorable and not so "objectively frivolous" to warrant the imposition of Rule 11 sanctions. (*Id*. at p. 12).

Additionally, the Magistrate Judge recommended that this case does not "stand out" with respect to the manner in which SPC has litigated it. (*Id*.) The Magistrate Judge disagreed with Defendants argument that SPC litigated this case unreasonably because it took a contradictory position in a separate lawsuit in the Southern District of Florida ("Southern District Litigation"). (*Id.* at p. 13). The Magistrate Judge found that Defendants had misrepresented the record in the Southern District Litigation because SPC's allegations in the Southern District Litigation were substantively similar to the contentions before this Court and the Southern District had "already

rejected a similar contention that the two lawsuits were irreconcilable."[2] (Doc. No. 132 at p. 14). The Magistrate Judge reasoned that SPC's contention that Ingenio gave consent and attempted to withdraw the consent can be reconciled with the contention in the Southern District Litigation that Ingenio refused to permit SPC to exercise its rights under the License Agreement. (*Id*. at p. 15).

## II. LEGAL STANDARD & ANALYSIS

District courts review *de novo* any portion of a magistrate judge's disposition of a dispositive motion to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); *Ekokotu v. Fed. Express Corp.*, 408 F. App'x 331, 336 n.3 (11th Cir. 2011) (per curiam).[3] The district judge may reject, modify, or accept in whole or in part the magistrate judge's recommended disposition, among other options. Fed. R. Civ. P. 72(b)(3). The district court "need only satisfy itself that there is no clear error on the face of the record" in order to affirm a portion of the Magistrate Judge's recommendation to which there is no timely objection. Fed. R. Civ. P. 72 advisory committee's note (1983) (citations omitted).

A district court may award attorney's fees pursuant to § 285 of the Patent Act. 35 U.S.C. § 285; *Octane Fitness, LLC v. ICON Health & Fitness, Inc*., 134 S.Ct 1749, 1753 (2014). According to that provision, "[t]he court in exceptional cases may award reasonable attorney's fees to the prevailing party." *Id*. The Supreme Court's holding in *Octane Fitness* makes clear that § 285 imposes only one restriction on the imposition of attorney's fees: "that the power is reserved for exceptional cases." *Octane Fitness*, 134 S.Ct at 1756. The Supreme Court clarified that "exceptional" is defined according to its ordinary meaning, as one that "stands out from others

---

[2] The Southern District stated, "Kaye's contention that Ingenio gave, and withdrew consent is not incompatible with the idea that Ingenio is withholding consent." *Kaye v. Ingenio, Filale De Loto-Quebec, Inc.*, No. 13-61687-CIV (S.D. Fla. Aug. 5, 2013), Doc. No. 94 at p. 8.

[3] Unpublished Eleventh Circuit cases are persuasive, but not binding.

with respect to the substantive strength of a party's litigating position . . . , or the unreasonable manner in which the case was litigated." *Id*. The court may, in the exercise of its discretion, consider the totality of the circumstances and make a case-by-case determination. *Id.* District courts may look to a "nonexclusive" set of factors, including "frivolousness, motivation, objective unreasonableness . . . or the unreasonable manner in which the case was litigated. *NXP B.V. v. Blackberry, Ltd.*, 58 F. Supp. 3d 1313, 1317 (M.D. Fla. 2014). The party moving for an award of attorney's fees must demonstrate by a preponderance of the evidence that the case is "exceptional." *Id*. A case is not exceptional merely because a party has a good faith belief that there is standing to sue but is ultimately incorrect. *Clouding IP, LLC v. EMC Corp*., No. 13-1355-LPS, 2015 WL 5766872, at *2 (D. Del. Sept. 30, 2015). The focus is the "substantive strength of the party's litigating position . . . , not the correctness or eventual success of that position." *See SFA Sys., LLC v. Newegg, Inc*., 793 F.3d 1344, 1348 (Fed. Cir. 2015).

Defendants do not object to the Magistrate Judge's recommendation that Defendants are prevailing parties. Defendants objection is that the Magistrate Judge erred in not finding this case to be "exceptional" under § 285. Specifically, Defendants argue that the Magistrate Judge improperly relied on "sanctionable conduct" as the benchmark for the exceptionality analysis, which is improper under *Octane Fitness*. (Doc. No. 133 at p. 2). In support of this argument, Defendants contend that the Magistrate Judge put too much weight on what conduct would warrant Rule 11 sanctions, specifically, the "frivolousness" and "objective unreasonableness" factors. (*Id*. at p. 4). The Magistrate Judge expressly stated that "sanctionable conduct" is not the benchmark of the analysis. (Doc. No. 132 at p. 12 n.5). Rather, the Magistrate Judge considered the undersigned Judge's prior determination that SPC's arguments were colorable and did not rise to the level of being objectively frivolous. (*Id*. at p. 12). The undersigned Judge agrees that these

prior conclusions are relevant in considering whether the present case is exceptional. *See NXP B.V.*, 58 F. Supp. 3d at 1317 (stating, among others, that relevant factors for consideration are the frivolousness and objective unreasonableness of the asserted claims). Therefore, the Magistrate Judge did not err in considering these factors, and the R&R clearly discusses other factors the Magistrate Judge considered, such as the weakness of the case, SPC's manner of litigating the case, and whether SPC was taking irreconcilable positions in a related case. (Doc. No. 132 at pp. 12-14).

Additionally, Defendants contend that SPC's litigating position was exceptionally weak because it knew it lacked prior written consent, yet relied on a "strained interpretation" of the License Agreement. (*Id.* at p. 5). In their objection, Defendants attempt to distinguish the present case from other run-of-the-mill "standing" cases because SPC "faced a clear barrier to bringing suit: the license agreement under which it claimed the right to initiate suit required written consent from Ingenio that SPC lacked." (*Id.* at p. 7). First, Defendants argue that *Clouding IP, LLC v. EMC Corp.*, is distinguishable from the present case because, in that case, there was evidence that the parties to a patent purchase agreement intended to confer standing to sue upon the plaintiff. (*Id.* at p. 6). In contrast, in the present case, Defendants argue that the evidence shows that SPC did not have standing. (*Id.*) Additionally, Defendants emphasize that in *Clouding IP* both the assignor and the plaintiff agreed that the plaintiff had standing; however, in the present case, SPC and Ingenio disputed the standing issue. (*Id.*) In *Clouding IP*, the district court held that the case was not exceptional because the plaintiff had "a good faith, though ultimately incorrect, belief that it had standing." *Clouding IP, LLC*, 2015 WL 5766872, at *2. Additionally, the court based its decision on the plaintiff's good faith reading of the purchase agreement. *Id.* The undersigned Judge agrees with the Magistrate Judge that *Clouding IP* stands for the proposition that an ultimately

unsuccessful belief as to standing that is brought in good faith does not render a case exceptional. In the present case, the Court has not found that SPC had any improper motivations other than a good faith, but ultimately incorrect, argument that it had standing based on its interpretation of the License Agreement.

Defendants attempt to distinguish *Labrynth Optical Tech. LLC v. Alcatel-Lucent USA, Inc.* (Doc. No. 133 at p. 6). In *Labrynth*, despite that there was currently no motion before the court, the district court indicated it would decline to award attorneys' fees because the defendant had noticed the standing issue years before but failed to assert it. No. SACV 12-00759 AG (DFMx), 2015 U.S. Dist. LEXIS 57874, at *18 (C.D. Cal. Mar. 23, 2015). Defendants reason that their case is distinguishable because they addressed the standing issue at the outset. (Doc. No. 133 at p. 7). The Court is not inclined to adopt Defendants' reasoning that merely raising the issue of standing earlier deems this case exceptional. Defendants also cite *Adv. Ground Info. Sys. v. Life360, Inc.*, where the district court found the case to be "exceptional" because every claim that was asserted required a showing that a single party performed every step of the claim, but all of the plaintiff's asserted claims involved steps taken by multiple parties. No. 14-cv-80651-MIDDLEBROOKS (S.D. Fla. Dec. 1, 2015), Doc. No. 200. The claims in *Life360* are distinguishable from the present case because, in *Life360*, the court held that there was no possible basis for the plaintiff's claims. *Id.* at *2. In contrast, SPC presented the Court with a possible interpretation of the License Agreement at issue. The fact that SPC was not successful is not determinative.

Next, Defendants contend that SPC's litigating position was exceptionally weak because the plain language of the License Agreement clearly required written consent that SPC lacked. (*Id.* at pp. 2-3). Defendants' argument that SPC litigated this lawsuit in an unreasonable manner is nearly identical to its argument that SPC's position was exceptionally weak. Defendants repeatedly

assert that SPC knew it lacked written consent from Ingenio. (*Id*. at p. 3). Because SPC persisted in its litigating position, Defendants argue that they were forced to brief and respond to multiple motions, attend court hearings, and defend against SPC's appeal. (*Id*.) Defendants contend that SPC's litigation conduct "stands out" because SPC persisted to advance an argument that it knew was unfounded. (*Id*. at p. 9). Additionally, Defendants reason that SPC proceeded in this lawsuit with knowledge that it lacked written consent in an attempt to extract a settlement. (*Id*. at p. 10).

Notably, Defendants have submitted no evidence indicating that SPC's purpose in bringing this lawsuit was to obtain a settlement. *See SFA Sys., LLC*, 793 F.3d at 1348 ("The problem with [the defendant's] request . . . is its failure to make a record supporting its characterization of [the plaintiff's] improper motivations."). The Magistrate Judge did not find that SPC sought to bring this action solely to extract a settlement from Defendants. Indeed, the undersigned Judge determined that SPC's claims were not frivolous and declined to impose sanctions. (*See* Doc. No. 105).

"Although a case may rise to the level of exceptionality, the decision to grant attorney fees remains within the discretion of the trial court." *Burger King Corp. v. Pilgrim's Pride Corp*., 15 F.3d 166, 168 (11th Cir. 1994) (interpreting the Lanham Act's fee shifting provision which is identical to the fee shifting provision in the Patent Act). In conclusion, SPC did not raise frivolous, unreasonable, or groundless claims. Additionally, there is no indication that SPC advanced its litigating position primarily to delay, frustrate the case, or improperly obtain a settlement. In considering the totality of the circumstances, the undersigned Judge agrees with the Magistrate Judge's recommendation that this case is not an exceptional one and concludes that Defendants are not entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

### III. CONCLUSION

Based on the foregoing, it is ordered as follows:

1. The Defendants Chase Burns, International Internet Technologies, LLC, Allied Veterans of the World, Inc. and Affiliates, Allied Veterans Management Group, Inc., Johnny Duncan, Jerry Bass, John M. Hessong, and Michael Davis's Objection (Doc. No. 133), filed December 8, 2015, is **OVERRULED**.

2. The Amended Report and Recommendation (Doc. No. 132), issued November 24, 2015, is **ADOPTED and CONFIRMED** and made a part of this Order.

3. The Defendants Chase Burns, International Internet Technologies, LLC, Allied Veterans of the World, Inc. and Affiliates, Allied Veterans Management Group, Inc., Johnny Duncan, Jerry Bass, John M. Hessong, and Michael Davis's Renewed Motion for Attorneys' Fees, (Doc. No. 117), filed June 16, 2105, is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on February 2, 2016.

_____
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented parties
Magistrate Judge